1   **LAW OFFICES OF RONALD A. MARRON**
2   RONALD A. MARRON (SBN 175650)
    *ron@consumersadvocates.com*
3   ALEXIS WOOD (SBN 270200)
    *alexis@consumersadvocates.com*
4   KAS GALLUCCI (SBN 288709)
    *kas@consumersadvocates.com*
5   651 Arroyo Drive
6   San Diego, California 92103
    Telephone:(619) 696-9006
7   Facsimile: (619) 564-6665

8   **LAW OFFICES OF DANIEL G. SHAY**
9   DANIEL G. SHAY (SBN 250548)
    409 Camino Del Rio South, Suite 101B
10  San Diego, California 92108
    *DanielShay@TCPAFDCPA.com*
11  Telephone: (619) 222-7429
    Facsimile: (866) 431-3292
12

13  *Attorneys for Plaintiff and the Proposed Class*

14              **UNITED STATES DISTRICT COURT**

15             **SOUTHERN DISTRICT OF CALIFORNIA**

16

17  CHARISSA LEWIS, on behalf of          Case No.:    '14CV1934 JLS  KSC
    herself, and all others similarly situated,
18                                         CLASS ACTION
                           Plaintiff,
19      v.                                 **COMPLAINT FOR DAMAGES
20                                         AND INJUNCTIVE RELIEF
    COMENITY, LLC and COMENITY            PURSUANT TO THE TELEPHONE
21  BANK                                  CONSUMER PROTECTION ACT,
                                          47 U.S.C. §§ 227** *et seq.*
22
                           Defendant.      DEMAND FOR JURY TRIAL
23

24

25

26

27

28

**INTRODUCTION**

1.        Charissa Lewis ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Comenity, LLC and Comenity Bank (together referred to as "Defendants") in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION AND VENUE**

2.        Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of the Defendants, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.        This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

4.        Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) because Defendants, at all times herein mentioned, were doing business in the County of San Diego, State of California.  Further, venue is proper in this district because Plaintiff has resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

/ / /

## PARTIES

5.      Plaintiff Charissa Lewis is, and at all times mentioned herein was, a resident of the State of California, County of San Diego.  She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

6.      Defendant Comenity, LLC is a creditor that maintains its principal place of business at 3100 Easton Square Place, Columbus Ohio 43219, and is a limited liability company registered in Delaware under file number 4900810, and is a "person" as defined by 47 U.S.C. § 153 (32).

7.      Defendant Comenity Bank is a creditor and subsidiary of Comenity, LLC and maintains it principal place of business in Columbus, Ohio and is registered in Delaware under file number 5018465, and is a "person" as defined by 47 U.S.C. § 153 (32).

8.      Plaintiff alleges that at all times relevant herein Defendants conducted business in the state of California and in the County of San Diego, and within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. §§ 227 *et seq.*

9.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

number in the absence of an emergency or the prior express consent of the called party.[2]

11.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

12.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

13.    On November 7, 2013, Plaintiff's attorney faxed Comentiy Bank a Cease and Desist Letter to the fax number 727-872-6559, that withdrew any possible prior express consent to receive automated telephone calls from

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

Defendants to Plaintiff's cellular telephone. The letter was from both Plaintiff and the attorney and included a power of attorney.

14.     On December 4, 2013 at 4:46 pm, Plaintiff received an unsolicited telephone call from Defendants to her wireless telephone, for which Plaintiff provided no consent to call, in attempt to collect an alleged debt owed.

15.     The unsolicited call placed to Plaintiff's wireless telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and/or by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

16.     The telephone number that Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

17.     The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.     Plaintiff did not provide Defendants or their agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

19.     The telephone call by Defendants or their agents therefore violated 47 U.S.C. § 227(b)(1).

20.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

22.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited telephone calls from

Defendants or their agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service, through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3), which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

23.     Defendants and their employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

25.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendants' records or Defendants' agents' records.

27.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a.  Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

b.  Whether the equipment Defendants, or their agents, used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

c.  Whether Defendants, or their agents, systematically made telephone calls to persons featuring an artificial or pre-recorded voice;

d.  Whether Defendants, or their agents, systematically made telephone calls to persons who did not previously provide Defendants with their prior express consent to receive such telephone calls;

e.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

f.  Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

28.     As a person that received at least one unsolicited telephone call to her cellular telephone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

*Lewis v. Comenity, LLC*
CLASS ACTION COMPLAINT

29.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

30.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

31.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

32.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227 *ET SEQ.*

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendants were able to effectively make thousands of

phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  The telephone call was made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

35.     The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36.     As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 *ET SEQ.*

38.     Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

39.     The telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendants were able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These telephone calls were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

40.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

41.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

43.     As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

45.     Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

46.     As a result of Defendants', and Defendants' agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and

1 every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §
2 227(b)(3)(C).

3     47.    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting
4 such conduct in the future.

5     48.    Any other relief the Court may deem just and proper.

6

7 **JURY DEMAND**

8 Plaintiff hereby demands a trial by jury on all issues so triable.

9

10 Dated:    August 18, 2014    */s/ Ronald A. Marron*
11 By: Ronald A. Marron
12 **LAW OFFICES OF RONALD A. MARRON**
13 RONALD A. MARRON
14 ALEXIS WOOD
15 KAS GALLUCCI
16 651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
17 Facsimile: (619) 564-6665

18 **LAW OFFICES OF DANIEL G. SHAY**
19 DANIEL G. SHAY (SBN 250548)
20 409 Camino Del Rio South, Suite 101B
San Diego, California 92108
21 *DanielShay@TCPAFDCPA.com*
Telephone: (619) 222-7429
22 Facsimile: (866) 431-3292

23

24

25

26

27

28

*Lewis v. Comenity, LLC*
CLASS ACTION COMPLAINT